## VAN KLEECH, etc. v XEROX CORPORATION
### Case No. 85-129-AP
Eleventh Judicial Circuit, Appellate Division, Dade County

October 28, 1985

### APPEARANCES OF COUNSEL

**Schmidt & Felinton** for appellant.

**David H. Klein** for appellee.

Before FEDER, BARAD and SHAPIRO, JJ.

### OPINION OF THE COURT

SHAPIRO, J.

This case is before the Court of Appeal from an Order entered by the trial Court denying Appellant's Motion to Dismiss for Improper Venue.

Appellant was the defendant below. On August 8th, 1982, Appellant purchased a Xerox copier from plaintiff. All negotiations regarding the

purchase took place in Palm Beach County. Appellant was a resident of Palm Beach County on the date of purchase.

Appellant experienced some difficulty with his machine. He called the company and advised same the machine was in need of repair. The company indicated Appellant had no service maintenance contract. Appellant acknowledged same but requested Appellee to repair the machine and bill Appellant for the work. The repairs were effected and a bill submitted to Appellant.

On March 2nd, 1983, the company sent an invoice to Appellant requesting payment for an alleged service maintenance contract. Appellant refused to pay stating it had no such contract with the company. The company, through its counsel, instituted suit against Appellant on March 11th, 1985, in the County Court in and for Dade County, Florida. Appellant filed a sworn motion to dismiss which was argued before the trial court. The motion to dismiss based on improper venue was denied on April 12, 1985.

Appellant perfected his appeal to this Court and filed the necessary briefs. Appellee failed to respond. Appellant also submitted a motion to tax costs and attorneys' fees.

At Oral Argument before this Court, Appellee's counsel appeared for the purpose of arguing against the motion for attorneys' fees. Counsel was precluded from arguing the merits of the case, but indicated to the Court the appeal was well taken.

This Court is concerned with the total waste of time expended on this matter. Had counsel for Appellee taken the time to properly investigate this matter before suit was instituted, he would have discovered the proper forum in which to institute this action. There is no question but that Appellant's position is correct. Appellant had no ties to Dade County nor was the contract entered into in Dade County. The proper forum was Palm Beach County.

The order entered by the lower Court denying Appellant's motion to dismiss for improper venue be and the same is hereby reversed. This matter is remanded to the lower Court with directions to dismiss the case for improper venue or upon proper motion, transfer the matter to the proper county.

Appellant's motion for costs and attorneys' fees be and the same is hereby granted. Appellant is hereby awarded the costs of appeal plus the sum of Five Hundred ($500.00) Dollars as attorneys' fees.

IT IS SO ORDERED.